UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1998A12308 |
|---|---|---|
| vs. | § | |
| Anita Mason | § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Macomb County, Michigan within the jurisdiction of this Court and may be served with service of process at 29195 Gloede Drive, Apt. C, Warren, Michigan 48088.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $930.84 |
| B. Current Capitalized Interest Balance and Accrued Interest | $1,728.58 |
| C. Administrative Fee, Costs, Penalties | $14.94 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$2,674.36** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 10.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

**U.S. DEPARTMENT OF EDUCATION**
**CERTIFICATE OF INDEBTEDNESS**
**SAN FRANCISCO, CALIFORNIA**

Name:      Anita Mason
AKA:       N/A
Address:   17178 Eureka St
           Detroit, MI  48212
SSN :

Total debt due United States as of:    12/2/97        $1,376.27

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $930.84 from 12/2/97 at the annual rate of 10%. Interest accrues on the principal amount of this debt at the rate of $0.26 per day.

The claim arose in connection with a Government insured or guaranteed loan(s) made by a private lender and assigned to the United States.

On 9/26/88 the debtor executed promissory note(s) to secure loan(s) from Citibank ( New York State ) c/o HEAF Processing Center - St Paul, MN under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 5/4/92 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $68.38, thereby increasing the principal balance due to $930.84.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

Principal:                            $930.84
Interest:                             $430.49
Administrative/Collection Costs:      $14.94
Penalites:                            $0.00

CERTIFICATION:  Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

_12/16/97_                    _[signature]_
(Date)                          Loan Analyst

# APPLICATION / PROMISSORY NOTE

**SECTION A - TO BE COMPLETED BY BORROWER** (PRINT IN INK—PRESS FIRMLY—OR TYPE)

1. NAME (NO NICKNAMES)
   - LAST: Mason
   - FIRST: Anita
   - M.I.:
2. SOCIAL SECURITY NUMBER:
3. WHEN WERE YOU BORN? DAY / YR
4. PERMANENT ADDRESS: 2147 Pennsylvania
   - CITY: Detroit
   - STATE: Michigan
   - ZIP: 48214
5. PERMANENT HOME PHONE: (313) 891-6584
6. U.S. CITIZENSHIP STATUS: ☒ U.S. Citizen or National
7. PERMANENT RESIDENT OF WHICH STATE: MI
8a. DRIVER LICENSE NUMBER:
9a. ADDRESS WHILE IN SCHOOL: 2147 Pennsylvania Detroit Michigan 48214
9b. DO YOU WISH TO DEFER REPAYMENT ON ANY GSL LOAN YOU MAY HAVE OUTSTANDING? ☒ NO
10. PHONE AT SCHOOL ADDRESS: (313) 398-4647 / 538-4866
11. MAJOR COURSE OF STUDY: 16 Cosmetology
12. LOAN AMOUNT REQUESTED: $2625.00
13. LOAN PERIOD: FROM 10/88 TO 10/89
14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☒ NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☒ NO (GO TO 20a)
20a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? ☒ NO (GO TO 21a)
21a. DO YOU HAVE ANY PRIOR UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? ☒ NO (GO TO 22a)

**REFERENCES**

| | 22a. | 22b. | 22c. |
|---|---|---|---|
| NAME | Allie Gaines | Russell Gaines | Patricia Davis |
| STREET | 17191 Eureka | 3980 St Paul | 2809 Mack |
| CITY, STATE, ZIP | Detroit, Michigan | Detroit, Michigan | Detroit, Michigan |
| RELATIONSHIP | Parent/Guardian | Relative | Friend |

SIGNATURE OF BORROWER: X Anita Mason
23b. DATE BORROWER SIGNED: 9/26/88

**SECTION B - TO BE COMPLETED BY SCHOOL**

24. NAME OF SCHOOL: Virginia Farrell Beauty School
26. PHONE: (313) 398-4647
27. SCHOOL CODE: 009734
25. ADDRESS: 22925 Woodward Ave, Ferndale, MI 48220
28. ENROLLMENT STATUS: ☒ HALF-TIME
30. PERIOD LOAN WILL COVER: FROM 11/1/88 TO 11/1/89
31. STUDENT'S GRADE LEVEL: ☒ 1 (Undergrad)
32. ANTICIPATED GRADUATION DATE: 4/1/90
33. STUDENT STATUS: ☒ INDEPENDENT
34. ADJUSTED GROSS INCOME (AGI): $9438
35. COST OF ATTENDANCE FOR LOAN PERIOD: $8196
36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $2200
37. EXPECTED FAMILY CONTRIBUTION (EFC): $142
38. DIFFERENCE (ITEM 35 LESS ITEMS 36 AND 37) OR LEGAL MAXIMUM: $5854
39. SUGGESTED DISBURSEMENT DATES: 1ST DISB. 11/ /88 ; 2ND DISB. 4/ /89
40. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? ☒ NO
41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☒ NO
43a. SIGNATURE OF SCHOOL OFFICIAL: X Charles [signature]
43b. DATE: 9/26/88
43c. PRINT NAME AND TITLE: Charles Quiles, Reg.

**SECTION C - TO BE COMPLETED BY LENDER**

44. NAME OF LENDER: CITIBANK (NEW YORK STATE) c/o HEAF PROCESSING CENTER
    SLB MAILROOM 5
    1-800-828-6103
46. LENDER CODE: 826878
45. ADDRESS: P.O. BOX 64102 ST. PAUL, MN 55164
    NOV 10 1988
52. IS THIS AN UNSUBSIDIZED LOAN? NO
53. LENDER ACCOUNT NUMBER: 4312138916584248220

**SECTION D - TO BE COMPLETED BY HEAF**

57. PROMISSORY NOTE STATUS: APP. REVIEW
NOV 07 1988

F40-60 4-87
GSL-304

REVIEWED #16

169670

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

NAME DATE 12/5/[illegible]

[illegible] TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| | |
|---|---|
| SIGNATURE X | DEC 3 0 1992 DATE |
| TITLE Assistant Vice President Citibank Student Loan Business | |

F0025 10-87